UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT M. SMITH** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **UNION PACIFIC** | * | **MAG. DIV.:** |
| **RAILROAD COMPANY** | * | |
| ***************************************** | | |

## COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff, Robert M. Smith, a person of full age and majority residing and domiciled in the County of Pearl River, Mississippi, who respectfully tenders the following averments:

1. This Honorable Court has federal question jurisdiction by virtue of 28 U.S.C. § 1331, as this claim arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq*.

2. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(c) as the Defendant, the Union Pacific Railroad Company [hereinafter "UP"] owns, operates, and maintains equipment and mainline railroad tracks in Jefferson Parish, resulting in UPR possessing sufficient minimum contacts in the Eastern District of Louisiana.

3. This is an action arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as the FELA, to recover damages for personal injuries sustained by the Plaintiff in the line of duty while employed as a railroad locomotive engineer by the Defendant, UPR, and while engaged in interstate commerce between the several states.

4.      Defendant, UP, domiciled in Delaware, with its principal business establishment in Omaha, Nebraska does engage in interstate commerce as a common carrier by railroad, and more particularly, UP owns and operates its equipment on UP railroad tracks in the State of Louisiana, including the mainline railroad tracks and Avondale Yard where Plaintiff sustained his injuries in the course and scope of his employment.

5.      Defendant, UP, is liable unto Plaintiff, Robert Smith, for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

6.      On or about September 6, 2015, UP was engaged in railroad switching operations in its Avondale Yard, when the UP, through its agents, officials, managers, supervisors, custom and practice ordered the Plaintiff to conduct an inspection of his assigned locomotive engine.

7.      In the course of his inspection, a locomotive engine on the adjacent track activated its horn a few feet away directly into Plaintiff's ear, causing immediate pain, discomfort, and injuries that have resulted in loss of hearing and neurological symptoms and treatment.

8.      On September 6, 2015, while performing his locomotive inspection duties in his usual and customary safe manner, Plaintiff sustained said loss of hearing and severe ear and neurological injuries as a direct result of the negligence of UP.

9.      Plaintiff avers that at the time of this accident, he was an able-bodied railroad worker, and that the negligence of Defendant, UP, directly caused, in whole or in part, Plaintiff's severe injuries for which he has undergone substantial treatment.  Furthermore, as a result of Defendant UP's negligence, Plaintiff has suffered continued physical and mental pain, as well as, economic loss for lost wages, fringe benefits, and unpaid medical expenses for which he demands recovery.

10.     Plaintiff further avers that Defendant, UP, through their agents, servants, and employees recklessly, negligently, and/or carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*., thereby causing and/or contributing to the aforementioned accident; and the negligence of UP includes, but is not limited to, the following acts to-wit:

    A. In that UP, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with a reasonably safe place to work;

    B. In that UP, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with proper assistance and tools and equipment to perform his duties;

    C. In that UP, in violation of its non-delegable duty under the FELA, failed to properly train its crews regarding activation of locomotive horns;

    D. In that UP violated its own safety and operating rules;

    E. In that UP violated federal regulations found in title 49 of the Code of Federal Regulations that were enacted for purpose of promoting railroad employee safety;

    F. In that UP failed to exercise due care and caution commensurate with the surrounding circumstances; and

    G. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

11.     Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages suffered for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B. Mental Pain and Suffering, Past and Future;

    C. Permanent Disability, if any;

    D. Loss of Enjoyment of Life;

    E. Past Lost Wages;

    F. Future Lost Earning Capacity and Fringe Benefits, if any;

    G. Unpaid Past Medical Expenses;

    H. Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy, if any.

12. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

13. Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, Robert Smith, prays that Defendant, Union Pacific Railroad Company, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Robert Smith, and against Defendant, Union Pacific Railroad Company, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

    Respectfully Submitted,

    **DAVIS, SAUNDERS, MILLER & ODEN**

    */s/ Joseph M. Miller, Esq.*

BY: _____

    **JOSEPH M. MILLER #30636**
    **BENJAMIN B. SAUNDERS #11733**
    **CARISA GERMAN-ODEN #31463**
    400 Mariners Plaza Drive, Suite 401
    Mandeville, Louisiana 70448
    Telephone: (985) 612-3070
    Facsimile: (985)612-3072

    **Attorneys for Plaintiff,**
    **Robert Smith**